IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUSSELL ROS,

          Plaintiff,

    v.

COLLETTE PETERS, et al.,

          Defendants.

Case No. 6:21-cv-00739-HZ

ORDER

HERNANDEZ, District Judge.

    Plaintiff in this prisoner civil rights case moves for a temporary restraining order and preliminary injunction restoring his housing status, prison job, educational programming, and personal property he lost in the wake of disciplinary hearings conducted within the Oregon Department of Corrections. According to Plaintiff, Defendants retaliated against him for filing a lawsuit against correctional officers, subjecting him to what he believes were unsupported disciplinary hearings where Defendants failed to afford him the procedural protections he was due. As a result of those hearings, he spent time in segregation, endured

1 - ORDER

a prison transfer to the Oregon State Penitentiary from the Oregon State Correctional Institution, lost his prison job, was expelled from an educational program resulting from a reduction in his incentive level, and was deprived of various personal property. He asks the Court to vacate the findings made during his disciplinary hearings and immediately remedy all adverse consequences that resulted from them.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127. 1134-35 (9th Cir. 2011). Importantly, and particularly relevant to this case, a request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party.

2 – ORDER

*Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

Plaintiff seeks a mandatory injunction that will change the status quo significantly. He claims that his disciplinary hearings were the result of retaliation, therefore all adverse consequences that flowed from those hearings must not only be undone, but must be undone immediately. Not only are such mandatory injunctions disfavored, but Plaintiff has not definitively established that his disciplinary convictions are wholly unfounded. In the absence of such a strong showing, it is not appropriate to change the relative position of the parties by way of a mandatory injunction. *Marlyn Nutraceuticals, Inc v. Mucas Pharma Gmbh & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (mandatory injunctions which go beyond the status quo are particularly disfavored). Stated somewhat differently, Plaintiff's desire to prevail on his claims and obtain relief in a more expeditious manner than is customary is not sufficient to justify preliminary injunctive relief.

## CONCLUSION

Defendants' Motion for Extension of Time (#60) to file their Response (#61) to Plaintiff's request for preliminary

3 - ORDER

injunctive relief is granted. The Response filed March 10, 2022 is therefore timely.

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#55) is denied.

IT IS SO ORDERED.

<u>  March 11, 2022  </u>  
DATE

*Marco Hernandez*  
Marco A. Hernandez  
United States District Judge

4 - ORDER