IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUSSELL ROS,

                Plaintiff,

     v.

RUBEN BENAVIDEZ, an individual;
GARRET LANEY, an individual; GERALD
LONG, an individual; CHRISTINE
POPOFF, an individual; TRISH
DAVENPORT, an individual; DONALD
GOLDEN, an individual; LUCAS
TSCHOPP, an individual; GARY ALVES,
an individual; DOES 1-5, individuals; and
OREGON STATE DEPARTMENT OF
CORRECTIONS, a state agency,

                Defendants.

No. 6:21-cv-00739-HZ

Consolidated with Related Cases:
No. 6:21-cv-00939-HZ
No. 6:22-cv-00596-HZ
No. 6:22-cv-00611-HZ

OPINION & ORDER

Alicia LeDuc Montgomery
LeDuc Montgomery LLC
2210 W Main St, Ste 107 #328
Battle Ground, WA 98604

     Attorney for Plaintiff

1 – OPINION & ORDER

Jill Conbere
Matthew Maile
Robert E. Sullivan
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301

R. Grant Cook
Cook Law Firm
600 Liberty St SE, Ste 330
Salem, OR 97301

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      Plaintiffs in these four cases, which were consolidated for discovery, move for sanctions against Defendants and Defendant Benavidez's counsel, R. Grant Cook, based on Defendants' conduct in discovery. Pl. Mot., ECF 110. For the following reasons, the Court grants the Motion in part and denies it in part.

## BACKGROUND

      Plaintiffs allege that they were victims of sexual abuse by Defendant Benavidez, a former corrections officer for the Oregon Department of Corrections ("ODOC"). Pl. Mot. 3. Plaintiff Ros filed his case pro se on May 13, 2021. Compl., ECF 2. Plaintiffs' counsel appeared in this case in July 2022. ECF 72. On September 28, 2022, the Court consolidated the four cases for the purpose of discovery. ECF 76. The other three cases are *Avalos-Corona v. Peters et al.*, No. 6:21-cv-00939-HZ; *Singh v. Benavidez et al.*, No. 6:22-cv-00596-HZ; and *Deanda-Moreno v. Benavidez et al.*, No. 6:22-cv-00611-HZ. Counsel is the same across the four cases. The Court held a Rule 16 conference on October 14, 2022. ECF 79. The Court set a discovery deadline of February 15, 2023. *Id.*

Before these cases were consolidated, Plaintiffs Singh and Deanda-Moreno served requests for admissions and requests for production on Defendants on June 13, 2022. LeDuc Decl. ¶ 10, ECF 111. Counsel served 52 requests for admissions and 42 requests for production in Plaintiff Singh's case, with nearly identical requests in Plaintiff Deanda-Moreno's case. *Id.* Two months later, the State Defendants had not served documents or responses to written discovery requests. *Id.* ¶ 11. On October 13, 2022, Plaintiffs' counsel circulated a proposed discovery schedule. Conbere Decl. ¶ 3, ECF 115. Counsel for the State Defendants asked whether Plaintiffs' counsel would agree to serve consolidated discovery requests; Plaintiffs' counsel agreed. *Id.* On October 21, 2022, Plaintiffs' counsel re-circulated copies of the discovery requests. LeDuc Decl. ¶ 12; Conbere Decl. ¶ 4. On December 8, 2022, Plaintiffs' counsel emailed Defendants to inquire about production. Conbere Decl. ¶ 5. On December 20, 2022, counsel for the State Defendants circulated draft proposed stipulated protective orders and stated that she understood that Plaintiffs' counsel would serve consolidated discovery requests to replace the previously served requests. *Id.* ¶ 6. On December 28, 2022, Plaintiffs' counsel responded that she would serve a consolidated set of discovery requests by January 2, 2023. *Id.* ¶ 7. She also sent a list of individuals to be deposed in early February 2023. *Id.*

On January 12, 2023, Plaintiffs' counsel informed Defendants of an urgent matter in another case, proposed an extension of the discovery deadline, and stated that she would serve consolidated discovery requests in the first week of February. *Id.* ¶ 9. On February 3, 2023, Plaintiffs filed a stipulated motion to extend the discovery deadlines to April 14, 2023. ECF 85. The Court granted the motion. ECF 87. On February 16, 2023, Plaintiffs' counsel sent consolidated requests for admissions and requests for production to cover the four cases. LeDuc Decl. ¶ 13; Conbere Decl. ¶ 10. The consolidated requests included the same requests that had

been served in June 2022, with around 28 new requests based on the Ros and Avalos-Corona cases. LeDuc Decl. ¶ 13.

On March 17, 2023, counsel for the State Defendants asked to confer with counsel for Plaintiffs about to whom the requests for admissions were directed, and to request additional time to respond. Conbere Decl. ¶ 11. Plaintiffs' counsel "indicated that the requests were directed to all eight state defendants, including ODOC and seven named individuals, which would result in the state defendants responding to 640 total requests." *Id.* State Defendants did not serve responses to the requests for admissions. LeDuc Decl. ¶ 14. Instead, they filed a discovery motion. Conbere Decl. ¶ 11. On March 20, 2023, Defendant Benavidez served responses to the requests for admissions. LeDuc Decl. ¶ 14. On March 21, 2023, Plaintiffs' counsel contacted counsel for Defendant Benavidez to confer on a motion to compel. *Id.* ¶ 15.

On March 27, 2023, the Court struck the State Defendants' discovery motion because it did not comply with the Court's directive to seek informal resolution before filing motions. ECF 94. The parties conferred the next day and agreed that the State Defendants would serve their initial responses to the requests for admissions, and Defendant Benavidez would serve revised responses, by April 28, 2023. LeDuc Decl. ¶ 16; Conbere Decl. ¶ 11. On April 4, 2023, the State Defendants moved unopposed to extend the discovery deadline to June 16, 2023, and the dispositive motion deadline to July 31, 2023. ECF 95. The Court granted the motion as to the discovery deadline and granted it in part as to the dispositive motion deadline. ECF 96.

On April 20, 2023, counsel for the State Defendants contacted Plaintiffs' counsel to confer about the requests for admissions and expressed concern about completing responses by the agreed-upon date. Conbere Decl. ¶ 12. The parties conferred on April 25, 2023. *Id.* ¶ 13.

No Defendants responded to the requests for admissions by April 28, 2023. LeDuc Decl. ¶ 17.

Counsel continued to confer about coordinating depositions. Conbere Decl. ¶ 15. On May 17,

2023, Plaintiffs' counsel notified Defendants that depositions could not proceed as scheduled if

written discovery was not completed. *Id.* ¶ 16. Plaintiffs' counsel agreed to the State Defendants'

proposal to send requests for admissions to individual defendants. *Id.* On May 22, 2023, counsel

for Plaintiffs stated that the depositions needed to be postponed because written discovery was

not complete, and offered to confer with counsel for Defendants. *Id.* ¶ 17. Counsel for Plaintiffs

and counsel for State Defendants conferred the next day. *Id.* ¶ 18. Counsel for Plaintiffs stated

that she believed the requests for admissions were deemed admitted under Rule 36. *Id.* Counsel

for State Defendants stated that the answers were almost complete. *Id.* Defendant ODOC and

Defendant Davenport served their responses to the requests for admissions that same day. *Id.* ¶

19. The other State Defendants' responses were served between May 26 and May 30. *Id.* ¶¶ 21-

22. On May 26, 2023, Plaintiffs sent notice to the State Defendants that all of their requests for

admissions were deemed admitted based on lack of response. LeDuc Decl. ¶ 18. On May 31,

2023, Plaintiffs moved unopposed to extend the discovery deadline to July 30, 2023, and the

dispositive motion deadline to August 15, 2023. ECF 98. The Court granted the motion. ECF 99.

Shortly thereafter, Plaintiffs notified the Court of a discovery dispute surrounding the

requests for admissions. Plaintiffs asserted that the requests for admissions served on the State

Defendants should be deemed admitted for failure to timely respond under Rule 36. Conf. Tr.

4:16-18, ECF 102. Plaintiffs also challenged Defendant Benavidez's objections to some of the

requests for admissions. *Id.* at 5:7-11. The Court held a telephone conference on June 15, 2023.

ECF 101. The Court declined to address whether the State Defendants had admitted the requests.

Conf. Tr. 4:19-22. Addressing Plaintiffs' motion to compel Defendant Benavidez to respond to

the requests for admissions, the Court ordered Defendant Benavidez to respond to most of the requests as written and ordered Plaintiffs to revise some of the requests and serve them on Defendant Benavidez, who would then be required to answer them. *Id.* at 8:17-9:16, 9:22-10:21. The Court also ordered the State Defendants to provide updated responses to the revised requests for admissions. *Id.* at 11:8-11.

On June 16, 2023, Plaintiffs served revised requests for admissions on Defendants. LeDuc Decl. ¶ 21. On June 26, 2023, Plaintiffs' counsel and counsel for the State Defendants conferred about Plaintiffs' proposed motion for discovery sanctions. *Id.* ¶ 22. Counsel for Defendant Benavidez was invited to the conferral but did not attend or otherwise respond. *Id.* Counsel for Defendant Benavidez emailed counsel for Plaintiffs on July 4, 2023, asking to confirm understanding of some of the revised requests for admissions. *Id.* ¶ 23. Plaintiffs' counsel confirmed that understanding. *Id.* On July 17, 2023, State Defendants responded to the revised requests for admissions. *Id.* ¶ 24. Defendant Benavidez did not respond to the requests for admissions. *Id.* ¶¶ 25-26.

On August 29, 2023, Plaintiffs moved for sanctions against the State Defendants and against Defendant Benavidez and his counsel. Pl. Mot. 2-3. The State Defendants filed a response on September 12, 2023. State Def. Resp., ECF 114. Defendant Benavidez did not respond to the Motion. When Plaintiffs filed the Motion, the State Defendants still had not produced all documents responsive to Plaintiffs' requests. LeDuc Decl. ¶ 27. As of the date of State Defendants' response, Plaintiffs Singh and Deanda-Moreno also had outstanding production from requests the State Defendants served on those Plaintiffs on June 30, 2023, and August 7, 2023, respectively. Conbere Decl. ¶ 25.

The Court deferred ruling on the Motion until all four associated cases were resolved. ECF 125. All four cases have now settled. Notice of settlement was filed in this case on December 19, 2023. ECF 128. The settlements do not include the present Motion.

## STANDARDS

### I.    Rule 37 Sanctions

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). This provision also applies to motions to determine the sufficiency of an answer or objection to a request for admission. Fed. R. Civ. P. 36(a)(6). Expenses may not be awarded if the movant failed to attempt in good faith to obtain the discovery without court intervention, the opposing party's response or objection was substantially justified, or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). "Both parties and counsel may be held personally liable for expenses, 'including attorney's fees,' caused by the failure to comply with discovery orders." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763 (1980).

### II.    Inherent Authority to Impose Sanctions

A federal court has the inherent power to impose sanctions on a party to litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). In doing so, the court should carefully exercise its discretion "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45. "A district court may, among other things, dismiss a case in its entirety,

bar witnesses, exclude other evidence, award attorneys' fees, or assess fines." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021).

"When acting under its inherent authority to impose a sanction, as opposed to applying a rule or statute, a district court must find either: (1) a willful violation of a court order; or (2) bad faith." *Id.* at 1090. To impose sanctions based on bad faith, the court must "make an explicit finding that the sanctioned party's conduct constituted or was tantamount to bad faith." *Id.* (internal quotations omitted). Bad faith may be found where conduct was "done vexatiously, wantonly, or for oppressive reasons." *Id.* This includes actions in the conduct of the litigation. *Id.* For example, defendant Goodyear Tire & Rubber Co. acted in bad faith when it withheld relevant test results for its tires from plaintiffs who sued the company after getting into vehicle accidents. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 105 (2017).

## DISCUSSION

The Court concludes that Plaintiffs should be awarded attorney fees under Rule 37 for Defendant Benavidez's conduct and his counsel's conduct surrounding the requests for admissions. But the Court declines to sanction the State Defendants because the record shows that their conduct, while negligent, did not constitute bad faith.

## I.    Defendant Benavidez and Counsel

Plaintiffs move for Rule 37 sanctions against Defendant Benavidez and his counsel in the form of attorney fees for bringing their motion to determine the sufficiency of Defendant Benavidez's answers and objections to the requests for admissions, and for Defendant Benavidez's subsequent failure to answer Plaintiffs' requests for admissions as ordered by the Court. Pl. Mot. 9-11. The Court ordered Defendant Benavidez to supplement his answers to some of Plaintiffs' requests for admissions, and to respond to others after Plaintiffs revised them.

Plaintiffs' counsel states that although she confirmed counsel's understanding of the requests, Defendant Benavidez failed to timely provide any updated responses. LeDuc Decl. ¶¶ 23, 25-26. Plaintiffs' counsel also states that Defendant Benavidez's counsel did not attend the parties' conferral about Plaintiffs' intent to seek sanctions. LeDuc Decl. ¶ 22. Defendant Benavidez did not respond to Plaintiffs' Motion or submit any evidence to explain his failure to respond to the requests for admissions. The emails Plaintiffs attached to the Motion show that, in response to a July 18, 2023, email from Plaintiffs' counsel that the requests for admissions were deemed admitted for failure to timely respond, Defendant Benavidez's counsel wrote, "Defendant Benavidez joins in the State's responses to the same requests as were submitted to him." LeDuc Decl. Ex. 11 at 4. Defendant Benavidez's counsel also wrote that he was "working to obtain an e-signature" from Defendant Benavidez, who was out of state. *Id.*

The Court concludes that Plaintiffs' counsel attempted in good faith to obtain responses before filing the present Motion. Defendant Benavidez's lack of response was not substantially justified. His belated attempt to join in some of the State Defendants' responses was inadequate. The Court has no evidence of other circumstances making an award of expenses unjust. The Court therefore concludes that Plaintiffs are entitled to recover attorney fees associated with the motion to determine the sufficiency of Defendant Benavidez's response to the requests for admissions, as well as for Defendant Benavidez's failure to respond to the requests after the Court ordered him to do so. The Court also concludes that both Defendant Benavidez and his counsel should be sanctioned. While Defendant Benavidez is ultimately responsible for his lack of response, the record shows that counsel confirmed his understanding of the requests but did not submit a response. Nor did counsel file a response to the present Motion. Plaintiffs may recover attorney fees from both Defendant Benavidez and his counsel.

When reviewing a motion for attorney fees, the district court must determine what fee is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To do so, the court should calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* There is a "strong presumption" that this figure represents a reasonable fee. *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). "The prevailing market rate in the community is indicative of a reasonable hourly rate." *Id.* "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

Plaintiffs seek a total of $8,295 in attorney fees from Defendant Benavidez and his counsel. Pl. Mot. 11. This includes $2,887.50 for the motion to determine the sufficiency of Defendant Benavidez's response to the requests for admissions, and $5,407.50 associated with Defendant Benavidez's failure to comply with the Court's order to respond to the requests for admissions. LeDuc Decl. ¶ 47. Plaintiffs' counsel bills at $350 per hour for her own work and $75 per hour for the work of two law student externs. *Id.* ¶¶ 39, 41.

The Court cannot determine from the records submitted whether the hours requested are reasonable. Plaintiffs' counsel submits draft billing statements that appear to include items outside the scope of the fees to be awarded based on Defendant Benavidez's failure to respond to the requests for admissions. *See* LeDuc Decl. ¶¶ 43-44, Exs. 7, 9. The amounts reflected in the draft billing statements do not match the amounts requested in Plaintiffs' Motion. It is not apparent from all of the time entries whether they should be included in the fee award. The Court therefore directs Plaintiffs to submit an updated log of hours and rates including only the items associated with the motion to determine the sufficiency of Defendant Benavidez's answers to the

requests for admissions and Defendant Benavidez's failure to comply with the Court's order to answer the requests for admissions.

Counsel's requested rates are reasonable. The relevant community is Oregon. Courts in this District usually rely on the most recent Oregon State Bar Economic Survey to determine whether a billing rate is reasonable. *See Anderson v. Ross Island Sand & Gravel Co.*, No. 3:18-CV-00898-SB, 2018 WL 5993581, at \*3 (D. Or. Oct. 24, 2018), *findings and recommendation adopted*, No. 3:18-CV-00898-SB, 2018 WL 5585671 (D. Or. Nov. 12, 2018). Plaintiffs' counsel has six years of litigation experience in the Portland market. LeDuc Decl. ¶ 39. The most recent survey reports that the mean hourly billing rate for lawyers in private practice in the state in 2021 with four to six years of experience was $312 per hour, and the median was $308 per hour. *Oregon State Bar 2022 Economic Survey* 42 (March 2023), available at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf. The mean hourly billing rate for representing plaintiffs in civil litigation in Portland was $419 per hour, and the median was $410 per hour. *Id.* at 44. The Court concludes that Counsel's rate of $350 per hour is reasonable. The rate of $75 per hour for law student extern work is also reasonable. The Court has approved higher rates for paralegal work. *E.g.*, *See Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1249 (D. Or. 2013) (approving rate of $115 per hour for paralegal work). In sum, while Plaintiffs are entitled to attorney fees, the Court cannot award them until Plaintiffs submit an updated accounting of hours.

Plaintiffs' counsel also estimates five hours of work for the reply brief. LeDuc Decl. ¶ 47. Because Defendant Benavidez did not respond to Plaintiffs' Motion, and the reply includes only a short paragraph about Defendant Benavidez and his counsel, the Court concludes that no further fees should be awarded based on the reply brief.

Plaintiffs also ask that the requests Defendant Benavidez did not timely answer be deemed admitted under Rules 37(b)(2)(A)(i) and Rule 36. Pl. Mot. 13. Because all four cases have settled, there is no longer a live controversy on the merits of Plaintiffs' claims for relief. The Court concludes that this request is moot and declines to rule on it. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011) ("A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome of the litigation.") (internal quotations omitted).

## II.    State Defendants

Plaintiffs assert that the State Defendants should be sanctioned pursuant to the Court's inherent power to sanction a party. Pl. Mot. 13-18. They argue that the State Defendants "caused significant, nearly year-long delays in completing discovery in this case." *Id.* at 13. They point out that most of the relevant documents in this case were in State Defendants' possession, giving them considerable control over discovery. *Id.* at 14. They emphasize that the State Defendants delayed in producing documents and responding to requests for admissions. *Id.* Plaintiffs argue that the State Defendants showed bad faith by taking the frivolous position that the requests for admissions they did not respond to in time were not deemed admitted. *Id.* at 16-17.

While agreeing with Plaintiffs on the broad timeline of discovery, the State Defendants provide additional information about the course of discovery. State Def. Resp. 2-7; Conbere Decl. State Defendants argue that they did not act in bad faith, pointing to "the complexity of the cases and the communications among counsel" as the reasons for delay. *Id.* at 8. And they argue that their position that the requests for admission were not deemed admitted was not frivolous because communications between counsel reasonably led them to believe that Plaintiffs' counsel had agreed to extend the response deadline. *Id.* at 8-9.

The Court's review of the discovery process in this case, set out above, shows inefficiency and perhaps negligence by State Defendants, but not bad faith. Discovery was complex. It involved four consolidated cases with an institutional defendant and multiple individual defendants. Plaintiffs served numerous requests for admissions and requests for production on Defendants. It appears that State Defendants accomplished little in discovery before these cases were consolidated. Thereafter, communications between Plaintiffs' counsel and counsel for State Defendants show that State Defendants made good faith, if dilatory, efforts to produce responses to Plaintiffs' discovery requests. The Court sees no evidence that State Defendants delayed in order to prejudice Plaintiffs or for other bad-faith reasons.

Plaintiffs argue that State Defendants' delays are sanctionable because delay by the State is against the public interest. Pl. Mot. 16 (citing *Potlatch Corp. v. United States*, 679 F.2d 153, 158 (9th Cir. 1982) (Wallace, J., concurring)). Concurring in *Potlatch Corp.*, Judge Wallace suggested that where bureaucratic delay is behind disobedience of a discovery order, sanctions will encourage the government "to take ameliorative action." 679 F.2d at 158. Here, the record shows that State Defendants tried to comply with their discovery obligations, communicated with opposing counsel when they did not think they could meet deadlines, and ultimately responded to the requests for admissions. The Court agrees with Plaintiffs that State Defendants were dilatory, but declines to find that they acted in bad faith.

As for State Defendants' position on whether certain requests were deemed admitted, sanctions should not be awarded based on the Court's inherent powers. State Defendants had a good faith basis to believe that Plaintiffs would accept a late response to the requests. While Plaintiffs rightly point out that Rule 36 is self-executing, Pl. Mot. 17, the Rule also provides for relief from admissions deemed admitted, Fed. R. Civ. P. 36(b). The Court deferred ruling on the

issue of deemed admissions at the discovery conference, and the issue is now moot because the cases have settled. The Court declines to hold that State Defendants' position was argued in bad faith. Finally, any sanctions for filing a frivolous response to a motion can be addressed by Rule 11. *See Brogdon v. Roman Cath. Archbishop of Los Angeles*, No. CV2000566TUCJASMSA, 2023 WL 2042252, at *5 (D. Ariz. Feb. 16, 2023) ("'[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the [Federal Rules of Civil Procedure], the court ordinarily should rely on the Rules rather than the inherent power.'") (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)). The Court sees no reason to depart from this rule here. In sum, the circumstances do not justify an imposition of sanctions against the State Defendants under the Court's inherent powers.

## CONCLUSION

Plaintiffs' Motion for Sanctions [110] is GRANTED IN PART and DENIED IN PART. Plaintiffs are instructed to submit updated hourly billing records within 30 days to facilitate an award of attorney fees against Defendant Benavidez and his counsel. The Court DENIES the Motion as to the State Defendants.

IT IS SO ORDERED.

DATED:    January 11, 2024    .


MARCO A. HERNANDEZ
United States District Judge